# CASES

# SUPREME JUDICIAL COURT

## THE COUNTY OF PENOBSCOT, JUNE TERM, 1830.

---

### DREW *vs.* WADLEIGH & *al.*

Where a witness testified to certain facts, which were contrary to his own admis-
sions in a written contract made by him with the adverse party;—it was held
that such party might read this contract in evidence to impeach his testimony,
without first calling the subscribing witness thereto ; the witness on the stand,
who signed the contract, testifying that the signature was his own.

IN an action by the payee against the makers of a promissory note,
the defendants, to impeach the consideration of the note, produced
an account settled between them and the plaintiff, for the balance of
which the note was given ; and then called one *Smith*, who testified
respecting the hire and wintering of certain oxen charged in the ac-
count. The plaintiff thereupon, to contradict the facts testified by
*Smith*, offered in evidence a written contract which he made with the
plaintiff, touching the same hire and wintering of the same oxen. The
defendants objected to the admission of the contract in evidence, till
its execution was proved by the subscribing witness, who resided
within the jurisdiction of the court. But upon *Smith's* testifying
that the paper was genuine, and signed by himself, *Parris J.* ad-

mitted it, subject to the opinion of the court ; a verdict being returned for the plaintiff.

*Sprague,* for the defendants, argued that this case formed no exception to the general rule, which required the production of the subscribing witness, if within the reach of process ; and cited 1 *Stark. Ev.* 330, 331 ; *Willoughby v. Carleton,* 9 *Johns.* 136.

*J. McGaw,* for the plaintiff, cited 3 *Stark. Ev.* 1740—1.

MELLEN C. J. delivered the opinion of the Court.

The general principle on which the defendant's counsel rely is correct, as to the mode of proving the execution of deeds and other contracts where there is a subscribing witness. The only question is whether it is applicable to a person in the character and situation in which *Smith,* the witness, stood when he testified respecting his signature on the paper produced by the plaintiff's counsel. We admit that if *Smith* had not been introduced as a witness by the defendant, and had not testified as to certain charges stated in the account, for the purpose of proving the alleged want of consideration for the note declared on, it would not have been competent for the plaintiff to examine him as to the fact of his having signed the paper or contract before mentioned. *Smith,* being called by the defendant, testified relating to the hire of oxen and paying for wintering the same, mentioned in said account. The paper appeared to be a contract between the plaintiff and *Smith* respecting the same hire and wintering of oxen charged in said account. The object in view in introducing the agreement was to shew that *Smith* had acknowledged the facts, respecting the above charges to be different from his testimony. When, therefore, *Smith* acknowledged that the paper or agreement was signed by him, and was genuine, he acknowledged the contents of the paper, as therein stated, to be true ; such an admission merely made by *Smith* was evidence on common principles, as it tended to impeach *Smith,* by shewing either his want of veracity or the incorrectness of his memory ; and we cannot perceive that such admission is less proper or effectual because he was on oath when he made it. It was not offered as the basis of

any claim on the part of the plaintiff, but for the purpose of repelling the defence, by shewing the contradictions of the witness brought forward to sustain it. We place the decision of this cause on the special character and circumstances in which *Smith* was placed; considering his testimony in respect to the paper and his signature merely in the light of admissions or declarations made by *Smith,* and inconsistent with his previous testimony. We are all of opinion that there must be

*Judgment on the verdict.*